# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHAZ O. GULLEY, | : | |
| Plaintiff, | : | No. 3:18-cv-941 (SRU) |
| | : | |
| v. | : | |
| | : | |
| LIMMER, et al., | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER RE AMENDED COMPLAINT

Chaz O. Gulley, currently confined at Northern Correctional Institution in Somers, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 complaining that excessive force was used against him. The named defendants are Lieutenant Limmer and Correctional Officer Sullivan. The defendants are named in individual and official capacities. Gulley's complaint was received on June 7, 2018, and his motion to proceed *in forma pauperis* was granted on June 14, 2018.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. Allegations

The incident underlying the complaint occurred while Gulley was confined at the MacDougall-Walker Correctional Institution ("MacDougall"). ECF No. 1 at 2, ¶ 3. On March 17, 2018, Gulley returned to MacDougall from the hospital where he had been taken for neck x-rays after a suicide attempt. Gulley was taken to the infirmary to be placed on suicide watch. *Id.*, ¶ 5. Gulley was compliant during the trips to and from the hospital and during the escort to the infirmary. *Id.*, ¶ 6.

An officer operating a hand-held video camera was present to record the escort to the infirmary and subsequent strip search. *Id.* at 2-3, ¶ 7. When they entered Room 6 in the infirmary, Limmer ordered a controlled strip search. *Id.* at 3, ¶ 8. Gulley told Limmer that a controlled strip search was not required under prison directives and asked that a regular strip search be performed. *Id.*, ¶ 9. Limmer ignored Gulley's repeated requests for a regular strip search. *Id.*, ¶ 10.

Correctional officers proceeded with the controlled strip search, removing Gulley's clothes so he could be placed in a safety gown. *Id.*, ¶ 11. Limmer ordered Gulley to squat and cough. Gulley refused in protest. *Id.*, ¶ 12. Gulley has engaged in similar protests over the last

2

ten years whenever he believes that he is being mistreated. *Id.*, ¶ 13. He has been placed on in-cell restraints or subjected to pressure point pain compliance techniques. *Id.* at 4, ¶ 14.

Limmer has a "bad rapport/history" with Gulley. *Id.*, ¶ 19. Limmer ordered Sullivan to deliver knee strikes to Gulley's knees, a practice not authorized in prison directives. *Id.*, ¶ 15. This practice had never before been used on Gulley. *Id.*, ¶ 16. Although the knee strikes caused Gulley to suffer pain and bruising, he continued to protest. *Id.*, ¶ 17. Limmer ordered correctional officers to confine Gulley in 4-point restraints. Gulley did not want to be restrained and complied with the order to squat and cough. *Id.*, ¶ 18.

II. Analysis

Gulley asserts a claim for use of excessive force in violation of the Eighth Amendment and supplemental state law claims for assault and battery.

The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Gulley alleges that the defendants used unapproved force against him. He also alleges a bad relationship with Limmer, suggesting that the decision regarding the force used was based on an intent to cause harm rather than to restore discipline. The Court concludes that Gulley has stated a plausible claim for use of excessive force.

Although Gulley states that he names the defendants in individual and official capacities,

3

he seeks only damages. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Gulley has submitted no evidence suggesting that Connecticut has waived its immunity. Because Gulley cannot recover damages from the defendants in their official capacities, any claims against Limmer and Sullivan in their official capacities are dismissed.

## CONCLUSION

All claims against Limmer and Sullivan in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The case will proceed on the federal claim for use of excessive force and the supplemental state law claims for assault and battery against Limmer and Sullivan in their individual capacities.

In accordance with the foregoing analysis, the Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses of Limmer and Sullivan with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send Gulley a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If Gulley changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Gulley must give notice of a new address even if he is incarcerated. Gulley should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Gulley has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Gulley should also notify the defendants or the attorney for the defendants of

his new address.

(9)     Gulley shall utilize the Prisoner Efiling Program when filing documents with the court. Gulley is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of July 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge