UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAZ GULLEY,
    Plaintiff,

v.

LIMMER, et al.,
    Defendants.

No. 3:18-cv-941 (SRU)

**ORDER ON MOTION FOR RECONSIDERATION**

Currently before the court is Gulley's motion for reconsideration of my order granting the defendants' motion for summary judgment (doc. no. 48). For the reasons that follow, the motion is **denied**.

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also Connecticut Com'r of Labor v. Chubb Grp. of Ins. Companies*, 2013 WL 836633, at *1 (D. Conn. Mar. 6, 2013), *aff'd* (Feb. 3, 2014) ("A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.") (internal citations omitted).

Here, Gulley argues that reconsideration is warranted because he believes I was "prejudiced and/or swayed" by exhibits filed by the defendants in response to a different motion—a motion for a preliminary injunction (doc. no. 38)—which I denied on April 13, 2020. Mot. for Reconsideration, Doc. No. 48, at 1. Gulley contends that those exhibits displayed his disciplinary history and reminded me that he was incarcerated for assault in the first degree. *Id.*

That argument is without merit. All of the reasons why I granted the motion for summary judgment are articulated in my order (doc. no. 47), and neither Gulley's disciplinary history nor his underlying crime had any bearing on my decision.

Gulley also seeks a "chance to address any issues in his opposition to [the motion] that the court misunderstood or misconstrued," as well as a 60-day extension to respond to the motion "the proper and correct way" with "more resources at his disposal." Mot. for Reconsideration, Doc. No. 48, at 2, 4. Because Gulley has pointed to no controlling decisions that I overlooked, and is essentially requesting an opportunity to relitigate issues that I already decided, those arguments are also unavailing. *See Connecticut Com'r of Labor v*, 2013 WL 836633, at *1.

For the foregoing reasons, Gulley's motion for reconsideration is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of April 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
